IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

DANCO LLC DBA NEWKS EXPRESS CAFÉ
AND INDY EATERY LLC DBA NEWKS CAFÉ                                    PLAINTIFFS

v.                                                                    No. 3:20cv235-MPM-JMV

STATE AUTO PROPERTY AND
CASUALTY INSURANCE COMPANY                                            DEFENDANTS


## ORDER

The parties have filed competing motions for judgment on the pleadings in this case, which presents difficult insurance coverage issues arising out of the Covid-19 pandemic. This case turns upon the application of a Restaurant Extension Endorsement ("Restaurant Endorsement") in a policy issued by State Auto Property and Casualty Insurance Company ("State Auto") which provides, in relevant part, that:

> 1. The Causes of Loss applicable to the Business Income form attached to this policy shall also include the following:
>     a. The "suspension" of your "operations" at the described premises due to the order of a civil authority; or adverse public communications or media reports, resulting from the actual or alleged: (1) Food or drink poisoning of a guest at the described premises; or (2) Exposure of the described premises to a contagious or infectious disease.

RESTAURANT EXTENSION ENDORSEMENT C.1., Doc. 2 at Ex. A.

In seeking judgment as a matter of law, plaintiffs argue that:

> The suspension requirement is met because Plaintiffs' operations at their covered restaurants were suspended due to the orders of civil authorities in the cities and states where their restaurants are located. See Government Orders, Doc. 2, at Exhibits B-F; Doc. 10 at Exhibits 2-5. Plaintiffs' business activities at the covered restaurants included dine-in services. 7 Doc. 2 at ¶13. The orders prohibited or limited Plaintiffs' dine-in services, a core business operation, effectively rendering their indoor dining

1

spaces untenantable. Id. at ¶¶9-13. The orders caused a slowdown of Plaintiffs' business activities which in turn caused Plaintiffs' business income loss. Id. at ¶13. [Plaintiffs brief at 5-6].

In filing its own motion for judgment on the pleadings, State Auto relies upon a very recent Texas district court decision which rejected arguments virtually identical to those raised by plaintiffs here. *See Terry Black's Barbecue, LLC v. State Auto. Mut. Ins. Co.*, No. 1:20-CV-665-RP, 2020 WL 7351246, at *9 (W.D. Tex. Dec. 14, 2020). In a Report and Recommendation later adopted by U.S. District Judge Robert Pittman, U.S. Magistrate Judge Susan Hightower wrote in *Terry Black's* that:

> Plaintiffs argue that, in contrast to the business interruption loss provision discussed above, the Restaurant Endorsement does not require a showing of direct physical loss of or damage to property. Plaintiffs contend that their claim is covered under this provision because they suspended their business operations as a result of the civil authority orders issued in response to COVID-19, an infectious disease.
> Plaintiffs, however, have glossed over the requisite elements of this provision. Although Plaintiffs are correct that the Restaurant Endorsement does not require direct physical loss or damage to property to trigger coverage, the clear terms of the provision require Plaintiffs to show (1) a suspension of business operations (2) due to a civil authority order (3) that was issued in response to the actual or alleged exposure of the premises to a contagious or infectious disease. Plaintiffs have not met the third requirement.
> First, as noted earlier, Plaintiffs do not allege in their Petition that their restaurants were ever exposed to the virus that causes COVID-19. Plaintiffs merely speculate that the virus could have been present because it was prevalent in the Austin and Dallas communities. *See* Dkt. 24 at 1 (noting the "presumed presence" of COVID-19); *id.* at 13. Such conclusory allegations are insufficient to show that this provision is applicable. *See Promotional Headwear*, 2020 WL 7078735, at *8.
> In addition, Plaintiffs must show that the civil authority orders were issued as a result of the presence of COVID-19 at their restaurants. But the civil authority orders did not result from the actual or alleged exposure to COVID-19 at Plaintiffs' restaurants. The civil authority orders were issued in response to the global pandemic, not in response to the actual or alleged presence of the virus that causes COVID-19 at Plaintiffs' restaurants. Accordingly, Plaintiffs have not demonstrated the causal connection required for coverage. *See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Merchs. Fast Motor Lines, Inc.*, 939 S.W.2d 139, 142 (Tex. 1997) (holding that policy language covering injury "caused by an accident *resulting from* the ... use of a covered auto" required a causal relationship between the injury and use of the auto). The Court finds that the Restaurant Endorsement Provision does not apply.[1]

*Terry Black's*, 2020 WL 7351246, at *9.

The docket in *Terry Black*'s reveals that the plaintiff in that case appealed the adverse ruling on February 9, 2021, and it seems likely to this court that, if the Fifth Circuit affirms the district court's ruling dismissing that case, then this will likewise prove fatal to the plaintiffs' claims in this case. At any rate, this court believes that its analysis of these issues will be greatly aided by the Fifth Circuit's eventual ruling in *Terry Black*'s, and it concludes that it should dismiss the pending motions for judgment on the pleadings without prejudice and stay this case pending the appellate ruling.

It is therefore ordered that the parties' competing motions for judgment on the pleadings are dismissed without prejudice, and this case is hereby stayed pending the Fifth Circuit's ruling in *Terry Black's*. Once the mandate in that appeal has issued, the parties may submit renewed motions for judgment as a matter of law, if they wish to do so.

This, the 1st day of March 2021.

/s/ Michael P. Mills
U.S. DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI